UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DILLON SMITH,                          )
                                       )
                   Plaintiff,          )
                                       )
        v.                             )   No. 2:26-cv-00123-JPH-MG
                                       )
MATT LEOHR Classification,             )
JANE MEEKS Unit Team Manager,          )
JOHN PURCELL Counselor,                )
COMMISSIONER IDOC,                     )
JOHN VANVLEET Internal Investigator,   )
WARDEN W.V.C.F,                        )
                                       )
                   Defendants.         )

**ORDER DISMISSING COMPLAINT AND DIRECTING FILING
OF AMENDED COMPLAINT**

Plaintiff Dillon Smith is a prisoner currently incarcerated at Wabash

Valley Correctional Facility ("Wabash Valley"). He filed this civil action against

Wabash Valley officials pursuant to 42 U.S.C. § 1983. Because the plaintiff is a

"prisoner," this Court must screen the complaint before service on the

defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Smith's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). He pursues claims against: (1) Matt Leohr of the classification team; (2) Unit Team Manager Jane Meeks; (3) Counselor John Purcell; (4) the Indiana Department of Correction ("IDOC") Commissioner; (5) Internal Investigator John VanVleet; and (6) the Wabash Valley Warden.

The complaint alleges that Mr. Smith was found guilty at a disciplinary hearing and was sanctioned with six months of disciplinary segregation. He was consequently placed in the secure confinement unit ("SCU"). Mr. Smith completed all packets assigned by his counselor, and his six-month sanction expired on August 23, 2025. Mr. Smith was then classified as administrative segregation and told he would remain in the SCU.

2

Mr. Smith wrote the classification team, his counselor, and the unit team manager requesting they either correct or clarify his administrative segregation classification. Investigator VanVleet responded that Mr. Smith would remain in the SCU for purposes of safety and security concerns. However, Mr. Smith's counselor had previously documented Mr. Smith as not a threat. Mr. Smith submitted further requests and a classification appeal. Counselor Purcell, Manager Meeks, and Mr. Leohr sent responses which amounted to "giving [Mr. Smith] the run-around." Dkt. 1 at 2. Mr. Smith additionally filed an appeal with the IDOC Commissioner's final reviewing board and submitted a complaint that he is being denied access to the commissary store and other conditions guaranteed to administrative segregation inmates by IDOC policy.

### III. Dismissal of Complaint

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Smith has identified the theories he wishes to use as Eighth Amendment cruel and unusual punishment and Fourteenth Amendment due process claims. Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the court analyzes Mr. Smith's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, all due process claims are **dismissed** for failure to state a claim upon which relief may be granted. Although the Constitution does not create a due process liberty interest in remaining in the general prison population, *see Wilkinson v. Austin,* 545 U.S. 209, 222 (2005); *Sandin v. Conner,* 515 U.S. 472, 484 1995), an inmate is entitled to due process protections when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484. However, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs,* 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley,* 405 F.3d 602, 608-09 (7th Cir. 2005). Mr. Smith challenges his administrative segregation status and related segregated housing, which had existed for under three months upon his filing this lawsuit on November 18, 2025. He therefore has no liberty interest in this short-term administrative segregation status, as plead. *See Griffin v. Carter,* No. 3:22-cv-00122-JD-MGG, 2023 WL 2160572, at *1 n.1 (N.D. Ind. Feb. 21, 2023) ("Because [Plaintiff] has only been in [an administrative segregation unit] for a little more than three months when he filed his . . . complaint, he has not stated a due process claim."); *see also Hall-Bey v. Banks,* 93 F. App'x 977, 981 (7th Cir. 2004) (holding that an inmate was

4

not entitled to due process before being directly transferred from disciplinary to administrative segregation).

Second, all conditions of confinement claims are **dismissed** for failure to state a claim upon which relief may be granted. Mr. Smith alleges that he is experiencing conditions worse than other administrative segregation inmates because he does not have access to the commissary store. Yet, "[a] loss of privileges such as commissary does not amount to a constitutional deprivation." *Holt v. Ind. Dep't of Corr.*, No. 1:19-cv-03162-JPH-TAB, 2019 WL 5784699, at *2 (S.D. Ind. Nov. 4, 2019) (citing *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992); *Gibson v. Mc Evers*, 631 F.2d 95, 98 (7th Cir. 1980)). Mr. Smith pleads no further specifics as to the conditions of his confinement for which an Eighth Amendment claim can be drawn.

Because the Court has been unable to identify a viable clam for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Conclusion

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343,

5

346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Plaintiff shall have **through August 7, 2026**, to file an amended complaint. The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* S.D. Ind. L.R. 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, No. 2:26-cv-00123-JPH-MG and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 7/8/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DILLON SMITH
234371
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

7